[Civ. No. 8710. Second Appellate District, Division Two.—November 22, 1934.]

MARGHERITA MIOLA, Respondent, v. W. A. NEWHOUSE, Appellant.

Blackstock & Rogers and Charles F. Blackstock for Appellant.

Norris Montgomery and Butcher & Haines for Respondent.

SCOTT, J., *pro tem.*—Plaintiff's son, Albino Miola, was killed in an automobile collision involving a truck driven by him and a sedan operated by defendant. From judgment for plaintiff for damages for her son's death, based upon the verdict of a jury, defendant appeals on the sole ground that deceased was guilty of contributory negligence as a matter of law.

Immediately prior to the accident, while it was daylight, appellant was proceeding south and deceased was going north on Milpas Street, in the city of Santa Barbara,

near the intersection of Canon Perdido. At that point Milpas is 39 feet from curb to curb and Canon Perdido is 24½ feet as it intersects Milpas on the east side. As appellant, going south, approached the intersection he swerved to the right and then turned left to make a "U" turn so as to head his sedan north. When he started to turn and his car was about three feet from the exact center of the street, headed southeast, the truck driven by deceased was forty feet south of the intersection, coming north, and deceased started to slow up from the speed of 30–40 miles per hour at which he had been traveling. Appellant had nearly completed the turn and the sedan was headed about 20 degrees east of north, in the northeast quarter of the intersection, when the truck, which had entered the intersection at 20 miles per hour, struck the right front fender of the sedan, caromed off into Canon Perdido, striking the north curb with the left side of the truck, overturning on its side and killing deceased.

The above statement as to the facts is based on a view of the evidence which is most favorable to respondent, chiefly that of one Mazzia, companion of deceased on the truck.

The sufficiency of the evidence to establish negligence of appellant is not questioned on this appeal, but it is contended that deceased was guilty of contributory negligence effectively barring recovery. This was a question of fact determined by the jury adversely to appellant's contention, and we are not inclined on the record before us to say that its decision was without any substantial evidence to support it.

■ Milpas Street, on which the collision occurred, is a well-traveled through highway, with boulevard stop signs posted at intersections leading into it. When a motorist, such as appellant, undertakes to make a "U" turn on such a thoroughfare, approaching drivers may assume that he will be governed by the provisions of section 131 of the California Vehicle Act, which requires that the motorist turning to the left shall yield to any vehicle approaching from the opposite direction which is so close to the intersection as to constitute an immediate hazard. In this connection it might be noted that the sedan going 8 miles an hour would cover but 12 feet in a second, while the truck,

if going at 30 miles per hour, would go a distance of 45 feet in a second. ■ As the sedan was completing the turn, just before the impact, there was a space of 6 to 8 feet between it and the curb, through which it may have appeared to deceased as a reasonable man that he could pass without hitting the sedan; and his failure to pass safely may have been due to a failure of the sedan to turn as completely or go as rapidly as deceased might reasonably have expected. These are matters which are properly considered and determined by the jury and by the trial court in passing on the motion for a new trial.

■ Even if we assume for the purposes of this decision that entry into the intersection at 20 miles per hour was negligence *per se*, the further question of whether any such negligence was a contributing cause of the accident was one of fact for the jury. Since from the evidence a reasonable man might have concluded that it was not such a contributing cause, this court cannot declare that it was as a matter of law.

It is common knowledge that accidents between motor vehicles can occur with rapidity which precludes a clear and definite observation of details. Jurors whose acquaintance with streets in their own city especially qualified them to visualize the occurrence were selected by the parties to this action to sit as triers of the facts. Those jurors have heard the evidence, have seen the witnesses and have considered the testimony in the light of their common knowledge, and the conclusion which they reached cannot be disturbed on the basis of the record before us.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.